REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have informed us that you have introduced LB 619 to attempt to correct the franchise tax problem, and state that there is speculation that the Tax Commissioner intends to apply the provisions of the bill retroactively. You ask whether a retroactive application of the provisions of the bill would be legal, possible, or constitutionally sound. You say that it appears to you that it would be applying an ex post facto law.
The prohibition of Article I, Section 16 of the Nebraska Constitution and Article I, Section 9 of the Federal Constitution against ex post facto laws is clearly not applicable to your question. In the case of In re Estateof Rogers, 147 Neb. 1, 22 N.W.2d 297 (1946) our court, citing a number of authorities, including the United States Supreme Court, held that the prohibition against the passage of ex post facto laws applied only to penal or criminal matters, and not to civil matters.
As to the passage of a retroactive income tax law, this appears to be constitutionally possible, within limits. In 71 Am.Jur.2d 764, State and Local Taxation, § 460 we find:
 In the absence of an express constitutional prohibition on retroactive laws, income tax statutes may be constitutional although they have some retroactive effect. However, where they are based on a constitutional amendment, it seems that income tax statutes may not be given a retroactive effect beyond the time when the amendment became effective. And a retroactive income tax must be based on the income of a year sufficiently recent that such income may reasonably be supposed to have some bearing on the present ability of the taxpayer to pay the tax. Aside from these limitations, there is no definite and fixed period beyond which an income tax statute cannot be given a retroactive effect, since whether such a statute results in a denial of due process of law because of its retroactive operation depends on the circumstances in which the particular tax is imposed.
 A tax may be imposed on the income of the entire current year, although part of the year has elapsed when the statute is passed. And an income tax statute may be constitutional although it measures the tax by the income of the year of the last legislative session preceding that of its enactment, by the income of the most recent year for which returns are available furnishing data upon which to estimate the total amount to be collected from the tax, or by the income of a year sufficiently recent so that the income of that year may reasonably be supposed to have some bearing upon the present ability of the taxpayer to pay the tax.
In the case of LB 619, there would appear to be no question about any interpretation by the Tax Commissioner. Section 3 of the bill provides that the act shall be operative for all taxable years commencing on or after January 1, 1983, or deemed to begin on or after January 1, 1983, under the Internal Revenue Code of 1954, as amended. Clearly, the provisions of the bill could not be applied to taxable years beginning before that date, and would be required to be applied to taxable years beginning after that date.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General